WASHINGTON, Circuit Justice. The point on which the cause turns, and which it is incumbent upon the defendants to prove to the satisfaction of the jury, is, that on the 12th of March, 1804, when the disputed deed was made, the grantor was not of sound mind and of disposing memory; that is, that he was deficient in those qualities of the mind, which could enable him to dispose of his property, with understanding and reason. The presumption is always in favour of mental capacity; and he who alleges the contrary, for the purpose of invalidating a deed or will, must prove it. But if a state of general derangement, or imbecility of mind, be proved at any time, prior to the act which is attempted to be invalidated, the burthen of proof is shifted; and the person, affirming the validity of the conveyance, must prove the mental capacity of the grantor or devisor, to do the act, at the time it was executed. It is not sufficient for him to show, that the grantor or devisor could return appropriate answers to plain or common questions; but he must prove, that he was of sound mind and disposing memory. If no actual derangement or mental imbecility be proved, it is not sufficient per se, to assign a cause of derangement which might or might not have produced that effect. Paralysis, for instances, is sometimes a cause of mental derangement, and frequently it is not. If attended by apoplexy, or an affection of the nerves, it necessarily affects the mind; but it frequently affects only the muscles, thereby producing bodily infirmity alone, and leaving the mind unimpaired. If the patient survives the stroke for any considerable length of time, it may in general be concluded, that it was simply a paralysis, affecting the body only. It is in this way that I understand the learned physician, who was examined to this particular point. Whether the grantor in this case was affected in one way or the other, may well be doubted. If the physician who saw him, and who has given testimony respecting his situation, had had an opportunity to examine his case, and to form a deliberate opinion upon it, that opinion, pronounced by a man of his acknowledged professional talents, would have been almost conclusive upon this point. But he saw him once only, and then for a very short time: there was little or no conversation between them; and this witness gave it as his opinion, that he was incapable of conversing. The jury must resort to the evidence given to them on both sides, to prove the real state of the grantor's mind, at, before, and after the time, when this deed was made; and in deciding this important fact, they will take into view, the state of his mind, whether, as it may have been affected by the paralytic stroke, or by old age, or by any undue influence, exercised over him by his son Jonathan, or by all these causes combined. In weighing the contradictory evidence upon which they have to decide, that which contains facts, upon which they may judge for themselves, and are given by witnesses, who, by frequently seeing and conversing with the grantor, had a full opportunity of forming a judgment as to his state of mind, ought to prevail with the jury, over general opinions upon the same subject, formed by persons who had fewer opportunities of judging. Verdict for plaintiff.

HOGE (GURNEY v.). See Case No. 5,875.

HOGE (LOCKETT v.). See Case No. 8,443.

HOGE (MOORMAN v.). See Case No. 9,783.

HOGG (AMERICAN SADDLE CO. v.). See Cases Nos. 315 and 316.

## Case No. 6,586.
### HOGG et al. v. EMERSON.

[Nowhere reported; opinion not now accessible.]

HOGG (EMERSON v.). See Cases Nos. 4,439 and 4,440.

### HOGSHEAD OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of hogsheads; e. g. "Hogshead of Molasses. See Two Hundred and Sixty Hogshead of Molasses."]

HOGUET (KOHLSAAT v.). See Case No. 7,919.

## Case No. 6,587.
### HOLABIRD v. ATLANTIC MUT. LIFE INS. CO.

[2 Dill. 166, note;[1] 12 Am. Law Reg. (N. S.) 566; 2 Ins. Law J. 588; 5 Chi. Leg. News, 550; 4 Bigelow, Ins. Cas. 181.]

Circuit Court, E. D. Missouri. March Term, 1873.

COMMON LAW MARRIAGE—HOW CONTRACTED AND PROVED—LIFE INSURANCE—FALSE REPRESENTATIONS—BURDEN OF PROOF.

[1. Marriage, in Missouri, may be had by the mutual present consent of two competent persons, made in good faith and followed by cohabitation, without the addition of any prescribed formalities, and may be shown by such evidence as proves that such marriage actually exists. But the distinction should be observed between the mere attempted recognition of a past void marriage and a subsequent expression of mutual and then present consent to be husband and wife.]

[2. Where the policy is conditioned to be void if any of the representations contained in the application are untrue in any respect, it is immaterial whether, if untrue, they were intentionally so, or whether the matter inquired into, had it been otherwise answered, would have caused the risk to be considered more hazardous, or whether the disease denied contributed to the death.]

[3. In an action on a policy purporting to be issued in favor of a wife upon the life of her husband, the burden is upon plaintiff to prove

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]